This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                        **NO. 35,439**

**JOSE NIETO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christina P. Argyres, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

León Felipe Encinias
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}     Defendant appeals from the district court's judgment and sentence, entered after a jury trial, convicting him for intimidation or threat of a witness and violation of an order of protection. We issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to our notice with a memorandum in opposition. After due consideration, we remain unpersuaded that Defendant has demonstrated error. We affirm.

{2}     On appeal, Defendant challenges the sufficiency of the evidence to support his convictions. [MIO 1-9] Defendant has expressly abandoned his challenge to the district court's denial of his pretrial motion, which he titled a motion in limine. [MIO 9] Thus, we do not address that matter further. To avoid the unnecessary duplication of efforts, we do not reiterate the full analysis contained in our notice and respond only to those arguments raised in response to our proposed affirmance.

{3}     In his memorandum in opposition, Defendant maintains that he did not see his ex-wife's vehicle outside of the residence she was visiting at the time; [MIO 3-4] he did not know that she was there; [MIO 7] he was called to that residence; [MIO 7] he asked his ex-wife if she wanted him to leave, but she left before he could; [MIO 8] and he did not threaten her. [MIO 4] Defendant contends that the evidence proves in equal measure both theories of the case and that the jury's determination, therefore, was reached by speculation. [MIO 4] We are not persuaded.

**{4}** Defendant does not dispute that the facts upon which our notice relied were presented by the State's evidence. In reviewing for the sufficiency of the evidence, this Court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We emphasize to Defendant that we disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]" *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted). It is well-established that circumstantial evidence and reasonable inferences the jury may draw therefrom can be legally sufficient to support a conviction. *See, e.g.*, *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 ("The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." (internal quotation marks and citation omitted)).

**{5}** As our notice indicated, there was ample evidence from which the jury could reasonably infer that Defendant had orchestrated his encounter with his ex-wife in

knowing and intentional violation of the governing protection order. [CN 2-4; RP 134] There was also sufficient evidence that Defendant had threatened and intimidated his ex-wife with the purpose of preventing her from testifying as a witness against him for a previous violation of the protection order. [DS 4-6; CN 4-5; RP 132] The evidence does not require unlawful speculation by the jury; the jury is free to reject Defendant's version of the facts and find that the credibility lies in the victim's testimony. *See Rojo*, 1999-NMSC-001, ¶ 19. On appeal, we will not reweigh the evidence, resolve any conflicts in the evidence, or indulge in inferences inconsistent with the verdict. *See Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the factfinder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie); *Rojo*, 1999-NMSC-001, ¶ 19.

{6}     For the reasons stated in this opinion and in our notice, we affirm Defendant's convictions.

{7}     **IT IS SO ORDERED.**

 

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**TIMOTHY L. GARCIA, Judge**

_____

**STEPHEN G. FRENCH, Judge**